IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHARON MELISSA VIA, | * |
| | * |
| **Plaintiff,** | * |
| | * |
| -vs- | * CIVIL ACTION NO. 2:06-CV-00531-ID-CSC |
| | * |
| ALLSTATE INDEMNITY | * |
| COMPANY, ET AL., | * |
| | * |
| **Defendants.** | * |

## PLAINTIFF'S MOTION TO REMAND TO STATE COURT

COMES NOW the Plaintiff in the above styled cause and moves this Honorable Court to remand this action to state court pursuant to 28 U.S.C. §1447(c). The basis for the requested relief is that removal of this action to federal court is wrongful in that there does not exist complete diversity and the removal was filed improvidently. In support of this motion, the Plaintiff shows unto the court as follows:

1. The currently pending action involves allegations of negligence, wantonness, bad faith, breach of contract, fraudulent suppression, and fraudulent misrepresentations against Allstate Insurance Company, and negligence and wantonness claims against two insurance adjusters, Shelley Oertel and David Oletski.

2. Shelley Oertel is admittedly an Alabama resident. At all times pertinent hereto, all of the Defendants were doing business in Montgomery County, Alabama where the original lawsuit was filed.

3. The Defendant bases its attempt at removal on diversity of citizenship alleging that the Plaintiff fraudulently joined the resident Defendants, creating diversity jurisdiction for this Court.

4.   There is no question that the complaint states valid claims against Shelley Oertel, David Oletski, and Allstate Insurance Company. There is similarly no question that the Plaintiff has not abandoned any claims against Shelley Oertel, the in-state defendant.

5.   The Plaintiff does not deny that she is attempting to recover an amount greater than $75,000.00 against the Defendants in this action.

6.   In order to remove, given the presence of non-diverse defendants, Allstate must show there is no possibility that the Plaintiff can establish a cause of action against the local defendants in a pending action. There is no such proof in the Notice of Removal filed by the Defendants and, in fact, the evidence of record and the pleadings show that the Plaintiff does have several causes of action against Defendant Oertel, that the facts of this case with regard to Defendant Oertel's involvement with the Plaintiff's claim are in dispute and that the Plaintiff plans to pursue all legal and equitable remedies available to her against Defendants Walden and Watts.

WHEREFORE, based upon the pleadings in the case, the brief of the Plaintiff and the attachments thereto, the Plaintiff requests that this case be immediately remanded to the Circuit Court of Montgomery County, Alabama so that it may be timely tried.

/s/ *Christina D. Crow*
CHRISTINA D. CROW
ATTORNEY FOR THE PLAINTIFF

OF COUNSEL:
JINKS, DANIEL & CROW, P.C.
P. O. BOX 350
UNION SPRINGS, AL 36089
(334) 738-4225

/s/*Frank M. Wilson*
FRANK M. WILSON
ATTORNEY FOR THE PLAINTIFF

OF COUNSEL:

FRANK M. WILSON, P.C.
504 SOUTH PERRY STREET
MONTGOMERY, AL 36104
(334)263-2560

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by efiling a copy of the same on this 20th day of June, 2006:

Thomas E. Bazemore, III, Esq.
Gordon J. Brady, III, Esq.
Huie, Fernambucq & Strewart, LLP
The Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223

/s/*Christina D. Crow*
OF COUNSEL