IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHARON MELISSA VIA, | * |
| Plaintiff, | * |
| -vs- | * CIVIL ACTION NO. 2:06-CV-00531-ID-CSC |
| ALLSTATE INDEMNITY COMPANY, ET AL., | * |
| Defendants. | * |

## PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION TO REMAND TO STATE COURT

COMES NOW the Plaintiff and in Response to the Notice of Removal filed herein by Defendant, Allstate, and in Support of her Motion to Remand, shows unto the Court as follows:

### ARGUMENT AND AUTHORITIES

Allstate argues that this case is removable because the non-diverse defendant has been fraudulently joined, claiming the plaintiff has no viable claims against the non-diverse defendant. Allstate supports its argument with Judge Albritton's opinion from another Allstate case. However, the facts of this case are different from those before Judge Albritton and remand is clearly appropriate in this matter.

**A. Removal in General**

Courts have noted that "[d]espite attempts to simplify it, removal practice is somewhat technical." *Weaver v. Miller Electric Manufacturing Co., Inc.*, 616 F.Supp. 683 (S.D. Ala. 1985). In the recent case of *TKI, Inc v. Nichols Research Corp.*, 191 F.Supp.2d 1307, 1309-1310 (M.D. Ala 2002), Chief Judge Albritton summarized the general law on removal:

> Federal courts are courts of limited jurisdiction. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor*

> *Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir.1983), cert. denied, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673. **Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.** See *Burns*, 31 F.3d at 1095.

*id.*, emphasis added.

Further,

> It is well-settled that a **defendant**, as the party removing an action to federal court, **has the burden to establish federal jurisdiction**. See *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). **Removal statutes must be strictly construed** because of the significant federalism concerns raised by removal jurisdiction. See *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Seroyer v. Pfizer, Inc.*, 991 F.Supp. 1308, 1312 (M.D.Ala.1997) (DeMent, J.). Therefore, **"[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."** 28 U.S.C. § 1447(c). "All doubts [and uncertainties] about federal court jurisdiction **must be resolved in favor of a remand** to state court." *Seroyer*, 991 F.Supp. at 1312 (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)).

*Jeter v. Orkin Exterminating Co.*, 84 F.Supp.2d 1334, 1335-1336 (M.D. Ala 2000), emphasis added. See also: *Judson v. Nissan Motor Co.*, 52 F.Supp.2d 1352, 1356 (M.D.Ala. 1999); *Conference America, Inc. v. Q.E.D. Intern., Inc.*, 50 F.Supp.2d 1239, 1241 (M.D.Ala. 1999); *Steel Valley Author. v. Union Switch & Signal Div.* 809 F.2d 1006, 1010 (3d Cir. 1987), citing *Abels v. State Farm Fire & Casualty Company* 770 F.2d 26, 29 (3d Cir. 1985) cert. dismissed sub nom., *American Standard v. Steel Valley Auth.*, 484 U.S. 1021, 108 S. Ct. 739, 98 L.Ed.2d 756 (1988); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3rd Cir.1990); see also *Stone v. Williams*, 792 F.Supp. 749 (M.D.Ala.1992); *Seroyer v. Pfizer, Inc.*, 991 F.Supp. 1308, 1312 (M.D.Ala.1997).

The **burden** to demonstrate "that removal is jurisdictionally proper" is **a heavy one**, *Sanks v. Parke-Davis*, 2000 WL 33910097, *1 (M.D. Ala 2000), emphasis added,

citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921), because "[i]t is to be **presumed that a cause lies outside** this limited [Federal] jurisdiction." *Sanks, supra,* emphasis added, citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

When evaluating removal cases, the courts also hold that, generally speaking, the removal statutes must be construed narrowly. *Webster v. Dow United Technologies Composite Products, Inc.*, 925 F.Supp. 727, 729 (M.D.Ala., 1996) citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

With the context of these standards, the issues presented herein can be evaluated.

### B. Fraudulent Joinder in General

The "burden of persuasion placed upon those who cry 'fraudulent joinder' **is indeed a heavy one**." *B, Inc. v. Miller Brewing Company*, 663 F.2d 545 (5th Cir. 1981), emphasis added.

To establish fraudulent joinder, the removing party must show:

(a) that there is **no possibility** that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or

(b) that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

*B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) (emphasis in original); See also, *Keating v. Shell Chemical Company*, 610 F.2d 328 (5th Cir. 1980); *Tedder v. F.M.C. Corporation, et al.*, 590 F.2d 115 (5th Cir. 1979); *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968); *Parks v. New York Times Company*, 308 F.2d 474, 478 (5th Cir. 1962), cert denied, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964).

In *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287, (11th Cir. 1998), the 11th Circuit added a third scenario:

(c) . . . where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternate liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant.

*id.*, cites omitted, paragraph number added for clarity.

As in this case, the issue in most cases is whether the plaintiff can establish a cause of action against the named defendant in state court. There have been no allegations that there was fraud in the pleadings or that the non-diverse defendant has no liability or connection to the claim. Indeed, as the adjuster that handled this claim for Allstate, Shelley Oertel, the non-diverse Defendant, is intimately connected to the claim.

The standards by which a court evaluates the arguments for fraudulent joinder under are clear and of long standing:

> When determining whether a defendant was fraudulently joined, the court must evaluate all factual issues and substantive law **in favor of the plaintiff.** *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983), superceded by statute on other grounds as stated in *Georgetown Manor v. Ethan Allen*, 991 F.2d 1533 (11th Cir.1993). " **'If there is EVEN A POSSIBILITY that a state court would find that the complaint states a cause of action against ... the resident defendant[ ], the federal court must find that the joinder is proper and remand the case to the state court.'** The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir.1998) (quoting *Coker*, 709 F.2d at 1440). **"The removing party bears the [heavy] burden of proving [by clear and convincing evidence] that the joinder of the resident defendant was fraudulent."** *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989) citing (*Coker*, 709 F.2d at 1440); see also *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997) (stating that "[t]he burden of the removing party is a 'heavy one' "); *Parks v. New York Times*, 308 F.2d 474, 478 (5th Cir.1962) ("A claim that joinder is fraudulent must be asserted with particularity and supported by clear and convincing evidence."). Therefore, the relevant issue is whether [the removing party] has clearly shown that Plaintiff has failed to state any possible claims under the laws of the State of Alabama for recovery against [the alleged fraudulently joined defendant].

*id.*, bold and capitalizing added, footnote omitted.

`Case 2:06-cv-00531-ID-CSC   Document 3-2   Filed 06/20/2006   Page 5 of 12`

Thus, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court. *Coker v. Amoco Oil Co*, 709 F.2d 1433, 1440-1441 (11th Cir. 1983), (citing *Parks v. New York Times Co.*, 308 F.2d at 477-78 (5th Cir. 1962)). Indeed, one court cites *Parks*[1] as holding that

> . . . there is fraudulent joinder only if the plaintiff fails to state a cause of action against the resident defendant and the failure is *obvious* according to the settled rules of the state.

*Jeter, supra*, at 1339, italics by the court.[2]

*Parks* also cites *McLeod v Cities Service Gas Company*, 233 F.2d 242 (10th Cir. 1956) for the rule that fraudulent joinder must be supported by **clear and convincing evidence** and **proven with certainty**. *Parks* at 478. When evaluating a claim of fraudulent joinder, the federal court is not being called on to weigh the merits of the claim against the non-diverse plaintiff.

> . . . the jurisdictional inquiry "must not subsume substantive determination." *Id*[3]. at 550. Over and over again, we stress that "the trial court must be certain of its jurisdiction before embarking upon a safari in search of a

---

[1] In so stating, *Parks* quoted Moore's Commentary on the United States Judicial Code, Par. 0.03 (35), p. 234-236. *Parks* at 478.

[2] The *Parks* court also stated: "The joinder is fraudulent if it is clear that, under the law of the state in which the action is brought, the facts asserted by the plaintiff as the basis for the liability of the resident defendant could not possibly create such liability so that the assertion of the cause of action is as a matter of local law plainly a sham and frivolous. And a joinder is fraudulent if the facts asserted with respect to the resident defendant are shown to be so clearly false as to demonstrate that no factual basis existed for any honest belief on the part of plaintiff that there was joint liability." *Parks*, 308 F.2d at 477. (quoting *Morris v. E.I Dupont de Nemours & Company*, 68 F.2d 788 (8th Cir., 1934)).

[3] Reference is to *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981).

> judgment on the merits." *Id.* at 548- 49. When considering a motion for remand, **federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.** See *Id.* "**If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.**" *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir.1983), superseded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993). This consequence makes sense given the law that "absent fraudulent joinder, **plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit** in his own way to a final determination." *Parks v. The New York Times Co.*, 308 F.2d 474, 478 (5th Cir.1962). **The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal,"** see *Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc*, 507 F.Supp. 740, 744 (S.D.Ga.1981) (quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721), a result that is costly not just for the plaintiff, but for all the parties and for society when the case must be relitigated.

*Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), emphasis and footnote added.

The question before the court is whether Allstate has clearly and convincingly proven with certainty that under settled principals of state law, plaintiff obviously can make no arguable claim at all against the non-diverse defendant. Allstate has not and cannot meet this heavy burden as it is required to do.

**2. Fraudulent Suppression**

Essentially, the Plaintiff alleges that Oertel fraudulently suppressed that she had financial incentives to recommend payment of a reduced claim amount. Allstate argues that Oertel cannot be guilty of suppression because she did not know the fact allegedly suppressed.

In Alabama, fraudulent suppression requires proof

> (1) that the defendant had a duty to disclose an existing material fact; (2) that the defendant suppressed that existing material fact; (3) that the defendant had actual knowledge of the fact; (4) that the suppression of that fact induced the plaintiff to act or refrain from acting; and (5) that the plaintiff suffered actual damage as a proximate result.

*Byrd v. Lamar*, 846 So. 2d 334, 348 (Ala. 2002)

Generally, "'[o]ne can be liable for suppression only of a fact of which one has knowledge.' *Brushwitz v. Ezell*, 757 So.2d 423, 432 (Ala.2000) (quoting *Dodd v. Nelda Stephenson Chevrolet, Inc.*, 626 So.2d 1288, 1292 (Ala.1993))," *id.* However, in the fraudulent joinder situation, the burden to prove that the agent had no knowledge remains a heavy one.

In *Wright v. American General Life and Acc. Ins. Co.*, 136 F.Supp.2d 1207 (M.D. Ala. 2001), the defendant argued that the resident agents had no knowledge of the facts allegedly suppressed. Affidavits were filed in which agents swore they had no knowledge of different rates being charged whites and African-Americans and that they had no involvement in setting rates. The Court held that for purposes of fraudulent joinder analysis, lack of knowledge had not been proven.

> The **question before this court, therefore, is whether this evidence is sufficient to establish that there is no possibility that a state court could find that a fraudulent suppression claim can be established** against the individual defendants.

*id.* at 1214

The court discussed the fraudulent joinder analysis rules from *Crowe v. Coleman*, 113 F.3d 1536 (11th Cir.1997), and stated:

> In *Crowe*, the Eleventh Circuit found that a conflict in facts between the defendant's affidavit and the Plaintiff's sworn complaint and statement of facts was sufficient to establish that there was no fraudulent joinder. *Id.* at 1542. **Another**

> **judge in this district has applied this rule in the context of a fraudulent suppression claim and determined that where a defendant submitted an affidavit wherein he stated that he had no knowledge of the fact suppressed, a question of fact was created by the allegations of the plaintiff's complaint that a conversation occurred during which the agent would have heard the relevant information, which the court concluded was sufficient to establish that there was no fraudulent joinder.** *Bedford v. Connecticut Mutual Life Ins. Co.*, 916 F.Supp. 1211 (M.D.Ala.1996).

*id.* at 1215

The *Wright* court found that, because the agents ran debit routes and established relationships with their customers, they could have learned about the difference in rates between African-Americans and whites, and held that it "cannot conclude that there is no possibility that a state court could not find that the Plaintiffs have established a claim against the resident defendants.[4]

---

[4] "The relevant fact which the Plaintiffs contend was suppressed in this case was "that African-American individuals were being charged more for industrial policies than similarly situated white individuals." Complaint at ¶ 51(a). The implication, of course, being that since the Defendants suppressed this fact, they had knowledge of it. American General has argued that the Plaintiffs are trying to hold the individual defendants liable on the basis of imputed knowledge that is foreclosed by Alabama case law. Such case law would not, however, foreclose a claim that the individual defendant who had knowledge of the fact suppressed that fact from the Plaintiffs. This case bears some similarity to the Bedford case wherein allegations in the complaint of a conversation during which knowledge could have been gained by the resident defendant was sufficient to establish that there was no fraudulent joinder. In this case, the Plaintiffs have alleged that individual agents formed personal relationships with policyholders and that the agents participated in "debit routes" whereby they personally visited the homes of policy owners on their routes to collect the premiums. Complaint at ¶ 13. The Plaintiffs have further alleged that disadvantaged persons, both African-American and white, were sold these policies. These allegations present a scenario through which the agents could learn, if not that actual rate structure of American General was based on race, then that there were differences between what white and African-American policyholders paid for their policies over time. Therefore, this court cannot conclude that there is no possibility that a state court could not find that the Plaintiffs have established a claim against the resident defendants." *Wright, supra* at 1215.

Likewise, in *Bedford v. Connecticut Mutual Life Ins. Co.*, 916 F.Supp. 1211 (M.D.Ala.1996), the plaintiff alleged that the resident agent suppressed facts upon which he relied. The company denied that the agent had such knowledge and filed his affidavit in which he denied discussing the insurance policy or representations made by others. The court held that the affidavit of the resident insurance agent defeated the fraudulent joinder claim by creating a fact issue.

> In light of the strong inference favoring the plaintiff's version of the facts, the court cannot and will not interpret disputed facts in favor of the defendant. **As such, the court presumes that a discussion between the, McCowns and the plaintiff did take place as alleged by the plaintiff, and thus, the McCowns did have knowledge of the alleged representations concerning the disputed whole life policy.**

*id.* at 1215-1216.

Allstate argues that Oertel had no knowledge because she did not work for Allstate but, instead, worked for an independent adjusting firm. The facts show that knowledge or lack thereof about claims has little to do with the alleged suppression.

However, this argument has also been addressed in the fraudulent joinder context:

> American General next argues that there can be no claim for fraudulent suppression because the policy itself revealed that the premiums could exceed the face amount of the policy. **Such an argument does not, however, address the contention that the agent failed to disclose the disparity in rates between white and black policy holders.**

*Wright v. American General Life and Acc. Ins. Co.*, *supra* at 1214.

### 3. Breach of Fiduciary Duty

The Plaintiff claims that Oertel had a fiduciary duty to her as the insurance claims adjuster to tell her the truth, including that Oertel was paid incentives based upon her performance and the amount she recommended as payment for claims. Whether there was a fiduciary relationship and a breach of that relationship is a fact question which

cannot be answered as a matter of law at this point. Thus, there is no fraudulent joinder of this defendant.

### 4. Negligence and/or Wantonness

The Plaintiff claims that Oertel negligently and/or wantonly adjusted her claim so that it was underpaid and, thus, she was unable to get the necessary repairs performed on her home. According to her affidavit, Oertel was the adjuster that was sent to the Plaintiff's home to make recommendations to Allstate. The Plaintiff claims that Oertel did not perform her job responsibilities adequately and that, as a result, she was injured.

The Defendant cites a number of cases for the proposition that there is no cause of action for negligence against an independent adjuster. *See Defendant's Removal, page 10.* These cases do not hold that an insurance adjuster is not responsible for negligence in the adjustment of a claim. Instead, each of these cases held that the insurance company could not be held responsible for its negligence or wantonness in adjusting a claim. The Plaintiff is not claiming that the insurer negligently and/or wantonly handled this claim. Instead, the Plaintiff is saying that the "independent" adjuster hired by the Defendant Allstate was negligent and wanton in her actions. There is no bar to recovery against a third party adjuster for his or her negligent acts.

Defendant Oertel admits in her affidavit that she was responsible for investigating and adjusting the Plaintiff's claim. She undertook a duty to investigate and adjust the Plaintiff's claim. After undertaking this duty, she was responsible to insure it was properly carried out and her failure to properly complete this duty constitutes negligence. These are independent claims against Oertel that are separate and apart from the claims made by the Plaintiff against Allstate. Thus, there is no fraudulent joinder of this defendant.

### 5. The *Moses v. Allstate* opinion is not decisive in this case.

Allstate finally argues that the *Moses v. Allstate* opinion by Judge Albritton attached to their brief is determinative of the issues in this case. The Plaintiff in *Moses*

did not make an independent claim of negligence and wantonness against the claims adjusters. Thus, even if this Court takes the same view of the Plaintiff's claims against Allstate and the adjusters that the *Moses* court took, there are additional claims made by the Plaintiff in the instant case against the in-state defendant so the *Moses* rationale is irrelevant to the claims in this case.

## CONCLUSION

The Plaintiff stated numerous claims against the resident defendant in this case. Allstate has not met its "heavy burden" of showing that there is no possible claim which could be made in state court against the resident defendants. Allstate's claim of fraudulent joinder fails. As such, this matter should be remanded to the Circuit Court of Montgomery County, Alabama, so that it may be timely tried.

/s/*Christina D. Crow*
CHRISTINA D. CROW
ATTORNEY FOR THE PLAINTIFF

OF COUNSEL:
JINKS, DANIEL & CROW, P.C.
P. O. BOX 350
UNION SPRINGS, AL 36089
(334) 738-4225

/s/*Frank M. Wilson*
FRANK M. WILSON
ATTORNEY FOR THE PLAINTIFF

OF COUNSEL:

FRANK M. WILSON, P.C.
504 SOUTH PERRY STREET
MONTGOMERY, AL 36104
(334) 263-2560

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by efiling a copy of the same on this 20th day of June, 2006:

Thomas E. Bazemore, III, Esq.
Gordon J. Brady, III, Esq.
Huie, Fernambucq & Strewart, LLP
The Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223

/s/*Christina D. Crow*
OF COUNSEL