IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHARON MELISSA VIA,            ) | |
| )| |
| Plaintiff,              ) | |
| ) | |
| VS.                ) | CIVIL ACTION NO. |
| ) | 2:06-CV-00531-ID-CSC |
| ) | |
| ALLSTATE INDEMNITY  ) | |
| COMPANY,          ) | |
| ET AL.,                 ) | |
| ) | |
| Defendants.         ) | |

**DEFENDANT ALLSTATE INDEMNITY COMPANY'S RESPONSE
TO PLAINTIFF'S MOTION TO REMAND**

COMES NOW the Defendant, Allstate Indemnity Company ("Allstate"), and provides the following Response to Plaintiff's Motion to Remand.

**INTRODUCTION AND STATEMENT OF FACTS**

This suit arises out of a claim for damage to Plaintiff's home in September 2004. Plaintiff originally filed this matter in the Circuit Court of Montgomery County, Alabama, on May 16, 2005, asserting claims for breach of contract; bad faith; fraudulent suppression; breach of fiduciary duty; fraudulent failure to pay claim; conspiracy; unjust enrichment; negligent and/or wanton hiring, training, and/or

1

supervision; bad faith failure to investigate a claim; and negligence/wantonness adjustment of an insurance claim on the part of Defendants, Allstate and/or Shelley Oertel, (hereinafter "Oertel"), and/or David Oletski, (hereinafter "Oletski"). (See Plaintiff's Complaint, Exhibit A). On June 14, 2006, Defendant Allstate filed a Notice of Removal pursuant to 28 U.S.C. §1446(b). Although Plaintiff's Complaint did not specify the damages sought, Plaintiff's Motion to Remand filed on or about June 20, 2006, states "The Plaintiff does not deny that she is attempting to recover an amount greater than $75,000.00 against the Defendants in this action."

## ARGUMENT AND CITATIONS OF AUTHORITY

## DEFENDANTS OERTEL AND OLETSKI WERE FRAUDULENTLY JOINED FOR THE PURPOSES OF DEFEATING DIVERSITY JURISDICTION

### A. THE MOSES v. ALLSTATE OPINION IS DECISIVE TO THE PRESENT CASE BEFORE THIS COURT

This exact case, with the exception of an additional unviable claim, styled as Moses v. Allstate was before this court less than three months ago. Plaintiff attempts to differentiate the present matter before this court from Moses, where this court denied Plaintiff's Motion to Remand. However, in the present matter, Plaintiff has filed an almost identical Complaint and Motion to Remand altering only the names of the Plaintiff and fraudulently joined defendants and adding a count for negligence

and wantonness. (Please see attached <u>Moses</u> Complaint and Motion to Remand, Exhibit B). In an effort to avoid history repeating itself, Plaintiff attempts to differentiate this Complaint by stating that the plaintiff in <u>Moses</u> "did not make an independent claim of negligence and wantonness against the claims adjusters". As noted below, (see Negligent and/or Wanton Adjustment discussion *infra*) this additional claim fails to state a viable claim of action against the fraudulently joined defendants under Alabama substantive law.

### B. CAUSES OF ACTION FOR NEGLIGENT AND/OR WANTON ADJUSTMENT OF A CLAIM DO NOT EXIST UNDER ALABAMA SUBSTANTIVE LAW

In her Complaint, Plaintiff claims that "Defendants Oertel and Oletski negligently and/or wantonly failed to properly adjust her claim and undervalued and/or underpaid her claim." (See Plaintiff's Complaint, Exhibit A). Although Plaintiff is fully aware that no such cause of action exists for the negligent and/or wanton handling of insurance claims in the State of Alabama, she attempts to make a distinction between a claim against an insurance company and a claim against an adjuster. In her Motion to Remand, Plaintiff interprets the cases cited in Defendant's Notice of Removal and provides that such cases "do not hold that an insurance adjuster is not responsible for negligence in the adjustment of a claim" but instead

that "the insurance company could not be held responsible for its negligence or wantonness in adjusting a claim." This characterization has never been recognized by the Alabama Supreme Court which stated in <u>Kervin v. Southern Guaranty Insurance Company</u>, 667 So. 2d 704 (Ala. 1995), "**[The Supreme Court of Alabama] has consistently refused to recognize a cause of action for the negligent handling of insurance claims, and it will not recognize a cause of action for alleged wanton handling of insurance claims**." <u>Id</u>. at 706. (emphasis added).

Plaintiff's analysis of the long standing precedent in Alabama regarding the negligent and/or wanton investigation/adjustment of an insurance claim is unfounded. It is unpractical to assume that the Alabama Supreme Court intended the language in <u>Kervin</u> to apply **only** to an insurance company. The insurance company could only be negligent or wanton for the investigation/adjustment <u>through its adjuster</u>, and the Supreme Court of Alabama has ruled that such a claim does not exist. Therefore, Plaintiff's claim of negligent and/or wanton adjustment of her claim does not state a viable cause of action under well established Alabama substantive law.

    C.    **FRAUDULENT SUPPRESSION**

The Alabama Code provides that "[s]uppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the

4

particular circumstances of the case." Ala.Code § 6-5-103 (1993). "Application of the 'particular circumstances' test requires a case-by-case consideration of several factors...Thus, each case must be individually examined to determine whether a duty of disclosure exists; a rigid approach is impossible, and indeed, the words of the statute itself counsel flexibility." Bedford v. Connecticut Mutual Life Ins. Co., 916 F.Supp. 1211, 1215 (M.D. Ala. 1996).

As in Plaintiff's Motion to Remand in Moses, (Please see Moses v. Allstate attached and discussion *supra*) Plaintiff again cites Wright v. American General Life and Acc. Ins. Co., 136 F. Supp.2d 1207 (M.D. Ala. 2001) and Bedford v. Connecticut Mutual Life Ins. Co., 916 F.Supp. 1211 (M.D. Ala. 1996), for her contention that Defendant Oertel and Oletski were not fraudulently joined.

In Wright, Plaintiffs alleged American General and its agents charged African-Americans more for life insurance policies than it charged similarly-situated white persons. Additionally, Plaintiffs alleged Defendants continued to charge them higher premiums while representing that the premium rate was based on considerations other than Plaintiffs' race. Defendants filed their Notice of Removal based on the fraudulent joinder of their agents arguing that there is no duty to disclose on the part of the insurance agent and that, even if there is a duty, there is no basis from which to conclude that any resident agent had knowledge of the fact suppressed.

American General attached affidavits to the Notice of Removal from both named agents, who are Alabama residents, denying that either of them had any knowledge of the facts allegedly suppressed. The court found for the Plaintiffs, focusing on the agents participation in "debit routes" whereby the agents personally collected the premiums from the home of the policyholders. Wright at 1215. The court held "these allegations present[ed] a scenario through which the agents could learn, if not the actual rate structure of American General was based on race, then that there were differences between what white and African-American policyholders paid for their policies over time." Id.

In Bedford, Plaintiff contended the McCowns, while acting as agents for Connecticut Mutual Life Insurance Company fraudulently represented to him that the life insurance policy in question would be paid-in-full in six years from the time of purchase. The action was removed by the defendants requesting the court disregard the McCowns, the only in-state defendants, because they were fraudulently joined for the sole purpose of destroying diversity jurisdiction. The defendants attached the affidavits of agent, James McCown denying knowledge of any representations made by others about the policy or discussing the policy with the Plaintiff. Bedford at 1215.

The court granted the Motion to Remand holding "[I]n light of the strong

inference favoring plaintiff's version of the facts, the court cannot and will not interpret disputed facts in favor of the defendant. As such, the court presumes that a discussion between the McCowns and the plaintiff did take place...and thus, the McCowns did have knowledge of the alleged representations." Id. at 1215-16. Additionally, the court reasoned that "a colorable basis exists that the McCowns' silence, as to the fact that the policy of insurance that the plaintiff purchased would not be paid up in six years and [T]here is little doubt that the plaintiff would have cancelled the disputed policy had this fact been conveyed." Id. at 1216.

The underlying litigation provides nothing akin to the "debit routes" in Wright or the alleged conversation in Bedford which would allow Oertel or Oletski to become aware of the facts which form the basis of Plaintiff's claims. Plaintiff's Motion to Remand attempts to summarize Allstate's position as being that Oertel "had nothing to do with the claims" and Oertel "did not work for Allstate". Additionally, Plaintiff argues that "[T]he facts show that knowledge or lack thereof about claims has little to do with the alleged suppression." To summarize Defendant Allstate's arguments in such fashion is inaccurate and makes one question whether Plaintiff read Defendant's Notice of Removal prior to filing her Motion to Remand.

Plaintiff's allegations assert that the Defendants suppressed:

1) information of a relationship between Allstate and McKinsey & Company;

7

2) Allstate's usage of the CCPR Program in the adjustment of this loss and roof damage claims; and

3) personal knowledge regarding "Tech-Cor" or the use of McKinsey's alleged Zero Sum Game Theory in regards to the adjustment of losses.

Both, Oertel and Oletski have offered sworn testimony to their lack of knowledge regarding the alleged corporate relationships and strategies previously mentioned. As stated in Defendant's Notice of Removal, Defendant Oertel and Oletski are employees of a totally separate adjusting company. <u>Neither Defendant Oertel or Oletski are employees of Allstate and neither have any connection whatsoever to the issues raised by Plaintiff's fraud theories</u>. Their affidavits confirm that they do not have any role in the development or implementation of the adjusting process.

The present case is most analogous to that of <u>Legg v. Wyeth</u>, 428 F.3d 1317 (11th Cir. 2005). In <u>Legg</u>, Plaintiffs sued after allegedly developing valvular heart disease from an anti-obesity drug. <u>Additionally</u>, Plaintiffs named in-state sales representative alleging negligent misrepresentation. The removing Defendants attached affidavits in which the sales representative stated she "was not expected, as a field service representative, to conduct independent research regarding the drugs [she] detailed...and was not aware of any alleged association between [the drugs] and

valvular heart disease." Id. at 1321.

The court found for the Defendants holding "**[W]hen the Defendants' affidavits are undisputed by the Plaintiffs, the court cannot resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint**." Id. at 1323, emphasis added. Additionally, the Legg Court cited the Fifth Circuit:

> While such a procedure requires that all disputed questions of fact be resolved in favor of the nonremoving party, as with a summary judgment motion, in determining diversity the mere assertion of metaphysical doubt as to the material facts [is] insufficient to create an issue if there is no basis for those facts.

Id. At 1323 *quoting* Badon v. RJR Nabisco, Inc., 224 F.3d 382, 393-94 (5th Cir. 2000).

Such is the case here. Plaintiff asks this Court to accept her unsupported allegations of Defendants Oertel's and Oletski's knowledge regarding the corporate policies and relationships of Allstate over their sworn testimony. Both logic and the sworn testimony before this Court establish that neither of the named Defendants had any role or knowledge of the allegedly fraudulent conduct. As the Eleventh Circuit has pointed out in Legg, Plaintiff's bald assertion in the face of this evidence does not create a question of fact and therefore Plaintiff's Motion to Remand should be denied.

### D. CLAIMS BREACH OF FIDUCIARY DUTY, CONSPIRACY AND UNJUST ENRICHMENT FAIL IN LIGHT OF THE SWORN TESTIMONY BEFORE THIS COURT

Plaintiff's Motion to Remand neglects to mention her previous claims of conspiracy and unjust enrichment asserted in her Complaint, however she does profess that "Oertel was paid incentives based upon her performance and the amount he paid for claims." However, Defendant Oertel offers sworn testimony stating " I am not familiar with any practice of Allstate tying compensation for adjusters to the amount of money paid out in claims or adjusters receiving more compensation for the less they pay on a claim, and to my knowledge I have not, nor have I ever received compensation based on the amount of money Allstate pays on a claim."

Additionally, Plaintiff states "a question of fact is created which cannot be answered as a matter of law at this point" as to her claim of breach of fiduciary duty. Even assuming for the sake of argument that a personal fiduciary relationship exists, there could be no failure on the part of Defendants Oertel and Oletski where they have each offered sworn affidavits that they did not possess the knowledge which is claimed to be withheld.

The same can be said for Plaintiff's claims of conspiracy against Defendants Oertel and Oletski. Conspiracy requires a meeting of the minds between two or more individuals to accomplish an unlawful purpose or to accomplish a lawful end by

unlawful means. Plaintiff is required to prove that the Defendants intended to bring about the object of the claimed conspiracy. Defendant Oertel and Oletski have offered sworn affidavits that they lacked any knowledge of the development or use of very specific procedures which are alleged to be fraudulent. Therefore, no meeting of the minds or any intent to bring about such a conspiracy could exist.

Allstate does not dispute Plaintiffs' legal right to challenge its action in Court. However, naming adjusters as Defendants under factually and legally void theories should not be allowed to divest this Court of its jurisdiction. Plaintiff's Motion to Remand is based solely on <u>allegations</u> which have been shown to be totally <u>unsupported</u> and causes of action which are not recognized by the Alabama Supreme Court. As noted by the 11th Circuit and stated above, "**[W]hen the Defendants' affidavits are undisputed by the Plaintiffs, the court cannot resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint**." <u>Legg</u> at 1323. (emphasis added).

## CONCLUSION

Defendants Oertel and Oletski were fraudulently joined in this action and their citizenship is due to be disregarded for the purposes of the diversity of citizenship analysis. Therefore, Plaintiff's motion to remand is due to be denied and this Court should properly exercise it jurisdiction under 28 U.S.C. §1332.

     _____Respectfully Submitted,

s/M. Keith Gann, Esq.
s/Gordon J. Brady, III, Esq.
HUIE, FERNAMBUCQ AND STEWART, LLC
The Protective Center, Building 3
2801 Highway 280 South, St. 200
Birmingham, AL 35223
Telephone:  205-251-1193
Facsimile:   205-251-1256
mkg@hfsllp.com
ASB-9423-N52M
gjb@hfsllp.com
ASB-8059-O69B

## **CERTIFICATE OF SERVICE**

_____I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christina D. Crow
JINKS, DANIEL & CROW, P.C.
P.O. Box 350
Union Springs, AL 36089

Frank M. Wilson
504 South Perry Street
Montgomery, AL 36104

    This 6th day of July, 2006.

                                           s/M. Keith Gann, Esq.
                                           OF COUNSEL