IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHARON MELISSA VIA, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06cv531-ID |
| | ) |
| ALLSTATE INDEMNITY CO., et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

Before the court is a motion for temporary restraining order ("TRO"), filed August 23, 2006, by Plaintiff Sharon Melissa Via ("Plaintiff").[1] (Doc. No. 7.) The motion is due to be denied.

This insurance litigation arises from a dispute over a claim Plaintiff filed with Defendant Allstate Indemnity Co. ("Allstate") under a homeowner's policy, seeking payment for repairs to her home's roof which was damaged as a result of Hurricane Ivan in September 2004. Plaintiff contends that Allstate refused to pay her in full for the loss as required under the policy. Consequently, Plaintiff alleges that the roof repairs were cost prohibitive and that, ultimately, she was forced to move out of her home "because mold had formed as a result of the moisture infiltration from the roof leak." (Compl. ¶ 17.) At that point, Plaintiff was no longer able to make her mortgage payments because

---

[1] Although no authority is cited in support of Plaintiff's motion, the court presumes that the motion is made pursuant to Rule 65 of the Federal Rules of Civil Procedure. See also Ingram v. Ault, 50 F.3d 898, 900 (11th Cir. 1995) (setting forth requirements for obtaining the extraordinary TRO remedy).

she "had to pay for alternative living accommodations." (Pl. TRO Mot. ¶ 4.) As a result, Branch Banking and Trust Company, which is not a party to this litigation, instituted foreclosure proceedings. (Id.) A foreclosure sale of her home is scheduled to take place on August 28, 2006. (Id.)

Plaintiff now has filed a TRO motion, requesting the court to enjoin Branch Banking and Trust Company from holding a foreclosure sale of her home. Plaintiff asserts that, if a TRO is not entered, a foreclosure sale will result in "spoilation of evidence." (Id. ¶ 5.) Alternatively, Plaintiff requests the court to restrain Branch Banking and Trust Company "from making any material changes to her home until such time as the parties have adequate time to inspect the home and have their experts inspect the home so that any evidence necessary to this case can be properly preserved." (Id.)

As an initial matter, the court observes and finds that there has been ample time for Plaintiff to preserve her evidence in this case. The damage to her roof occurred almost two years ago, and this lawsuit has been pending more than a year. In any event, the court finds that it does not have jurisdiction to enter a TRO against Branch Banking and Trust Company.

Ordinarily, courts are without authority to issue orders which bind non-parties to a lawsuit. See U.S. v. Paccione, 964 F.2d 1269, 1275 (2d Cir. 1992) (observing that in general courts "may not issue an order against a nonparty"). The court's jurisdiction to enter and enforce orders, including TROs, is limited to parties over whom the court possesses personal jurisdiction. See Zimmerman v. U.S. Football League, 637 F. Supp.

46, 47 (D. Minn. 1986) (stating that a court cannot issue a TRO against defendants over whom it lacks personal jurisdiction); 11A Wright, Miller & Kane, Federal Practice and Procedure, § 2956, at 335 (2nd ed. 1995) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired personal jurisdiction."). The burden of establishing jurisdiction is on the plaintiff. See S & Davis Intern., Inc. v. The Republic of Yemen, 218 F.3d 1292, 1303 (11th Cir. 2000).

Morever, Rule 65(d) of the Federal Rules of Civil Procedure is very specific as against whom a TRO or injunction may issue: "Every order granting an injunction and every restraining order . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Fed. R. Civ. P. 65(d); see also NBA Properties v. Gold, 895 F.2d 30, 33 (1st Cir. 1990) (construing nonparty exception in Rule 65(d) "as requiring that a person either be 'legally identified with' a party in the case or 'aid and abet' the party to violate a decree").

Here, Plaintiff has not demonstrated that the court has jurisdiction to issue a TRO against Branch Banking and Trust Company. The bank is not a party to this litigation, and there is no averment or suggestion that the bank is acting in active concert or participation with a party such that the court finds that the limited nonparty exception is inapplicable in this case.

Accordingly, it is CONSIDERED and ORDERED that Plaintiff's motion for temporary restraining order be and the same is hereby DENIED.

DONE this 24th day of August, 2006.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE