IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHARON MELISSA VIA, individually and as mother and next friend of A. H., a minor, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO. 2:06cv531-ID<br>) |
| ALLSTATE INDEMNITY CO., et al., | )<br>) |
| Defendants. | ) |

**ORDER**

Before the court is Plaintiff Sharon Melissa Via's ("Via") motion to remand, as amended (Doc. Nos. 3-4), in which Via asserts that subject matter jurisdiction is lacking. Via's motion is accompanied by a brief. (See id.)  Defendant Allstate Indemnity Co., ("Allstate"), as the removing Defendant, filed an opposition to Via's motion to remand. (Doc. No. 6.)  Construing the facts in the light most favorable to Via and having carefully considered the arguments of counsel, the evidentiary submissions, and the relevant law, the court finds that Via's motion to remand is due to be denied.

Allstate, as the party removing the action to federal court, has the burden of establishing federal jurisdiction. See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).  Because the removal statutes are strictly construed against removal, generally speaking, all doubts about removal must be resolved in favor of remand. See Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).  In determining the propriety of removal, the court evaluates the

factual allegations and controlling law in the light most favorable to the plaintiff. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). It also is well settled that, upon allegations of fraudulent joinder, the court "may consider affidavits and deposition transcripts submitted by the parties." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997); see also Legg v. Wyeth, 428 F.3d 1317, 1322 (11th Cir. 2005). In Legg, the Eleventh Circuit elucidated that, in the context of the fraudulent joinder analysis, "[w]hen the Defendants' affidavits are undisputed by the Plaintiffs, the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint." 428 F.3d at 1322.

This insurance litigation, which originally was filed in state court, arises from a dispute over a claim Via filed with Allstate under a homeowner's insurance policy for damages sustained to her home's roof as a result of Hurricane Ivan in September 2004. Allstate timely removed this case to the United States District Court for the Middle District of Alabama, pursuant to 28 U.S.C. § 1441(b). Allstate asserts that the court exercises subject matter jurisdiction over this case through diversity of citizenship and the requisite amount in controversy, pursuant to 28 U.S.C. § 1332(a). Allstate contends that complete diversity exists because the only non-diverse Defendant, Shelley Oertel ("Oertel"), was fraudulently joined to defeat federal jurisdiction.[1] Urging the court to

---

[1] The court notes that Allstate also has contended that the joinder of Defendant David Oletski ("Oletski") is fraudulent; however, the Complaint's averments and the affidavit submitted by Oletski indicate that he is diverse in citizenship from the Alabama Plaintiff. (See Exs. A, C to Doc. No. 1.) Hence, the viability of the claims against Oletski are not appropriate for resolution under the fraudulent joinder standard.

remand this case to state court, Via does not quarrel with the amount-in-controversy requirement, but rather contends that complete diversity does not exist because the Complaint states a claim against Oertel sufficient to withstand the fraudulent joinder standard.

A defendant has the statutory right to remove an action from state to federal court in actions where complete diversity exists between the parties and the amount in controversy is sufficient. See 28 U.S.C. §§ 1332(a), 1441. When, however, a plaintiff joins a non-diverse defendant who has "no real connection with the controversy," Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921), solely for the purpose of defeating diversity jurisdiction, "[t]he plaintiff is said to have effectuated a 'fraudulent joinder.'" Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006). Here, Allstate seeks to prove that the joinder of Oertel is fraudulent on the ground that "there is no possibility" that Via "can prove a cause of action" against him. Id. "'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court.'" Id. (citation omitted). At the same time, however, the possibility of liability on the part of the allegedly fraudulently joined defendant "'must be reasonable, not merely theoretical.'" Legg, 428 F.3d 1317, 1325 n.5. Allstate is required to make the fraudulent joinder "showing by clear and convincing evidence." Henderson, 454 F.3d at 1281.

The causes of action against Oertel which are relevant to the instant motion encompass state law claims for fraudulent suppression, breach of fiduciary duty, conspiracy, unjust enrichment, fraudulent failure to pay a claim, bad faith refusal to investigate, and negligent and/or wanton handling of a claim.  The court has reviewed Via's complaint, the briefs and Oertel's uncontested affidavit.  The court also has examined the opinion in Moses v. Allstate Indemnity Co., relied upon by Allstate, in which another judge of this court rejected the identical arguments now offered by Via in support of her fraudulent suppression claim against Oertel.  See Civ. A. No. 3:06cv154, 2006 WL 1361131 (M.D. Ala. May 17, 2006) (Albritton, J.).  The court finds that the facts of Moses are materially indistinguishable from those presented in this case.  In Moses, applying the fraudulent joinder standard, the court concluded that Allstate had established by an undisputed affidavit that the resident claims adjuster had no knowledge of the facts allegedly suppressed and, thus, that there was no possibility that the insured-plaintiff could state a cause of action in state court for fraudulent suppression against the claims adjuster.  This court concurs with the well-reasoned opinion in Moses and finds for the same reasons articulated therein that Allstate has demonstrated that there is no possibility that Via can establish a cause of action in state court against Oertel for fraudulent suppression.

The court also finds that the Moses court's analyses of the insured-plaintiff's claims for breach of fiduciary duty, conspiracy and unjust enrichment support a finding in this case that there is no possibility that Via can prevail on these same claims asserted

against Oertel in the present lawsuit.  See Moses, Civ. A. No. 3:06cv154, 2006 WL 1361131, *5.  Hence, the court finds that Allstate has carried its burden of demonstrating that Via has no chance of recovery against Oertel as to the foregoing three claims.

The Complaint also contains a claim for fraudulent failure to pay based on the alleged concealment of the same facts which form the basis of the fraudulent suppression claim, a claim which the court rejected above.  (See Compl. ¶¶ 105-09 (Ex. A to Doc. No. 1).)  Allstate asserts that, to the extent that Via has asserted a fraudulent failure to pay claim against Oertel, that claim, like the fraudulent suppression claim, conclusively is foreclosed by Oertel's affidavit in which Oertel has asserted that he had no knowledge of any of the facts claimed to have been withheld.  The court agrees that Oertel's affidavit, which has not been contested by Via, sustains Allstate's burden of establishing the fraudulent joinder of Oertel concerning the fraudulent failure to pay claim.

Moreover, Allstate asserts that Via has no possibility of succeeding on her claim against Oertel for bad faith refusal to investigate.  The court agrees, and Via has not argued to the contrary.  Pursuant to Alabama law, "[a]n insurer can be liable for the tort of bad faith when it fails to properly investigate the insured's claim."  State Farm Fire & Cas. Co. v. Slade, 747 So.2d 293, 315 (Ala. 1999).  This cause of action, however, is viable only "in the context of a breach of an insurance contract, by a party to that insurance contract."  Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc., 551 So.2d 283, 285 (Ala. 1989) (declining to extend liability for bad faith to the insurer's claims adjuster).  Here, it is undisputed that Oertel was not a party to the insurance contract;

5

therefore, Oertel cannot be held liable for bad faith. Accordingly, the court finds that there is no possibility that Via could establish a cause of action in state court against Oertel for bad faith.

The foregoing does not complete the court's inquiry, as there is a final claim the court must address. As pointed out by Via's counsel, who also represented the insured-plaintiff in Moses, *supra*, the instant lawsuit contains negligence and/or wantonness claims against Oertel, causes of action which were not asserted against the claims adjuster in Moses. Via's claims in this regard are predicated on allegations that Oertel "negligently and/or wantonly failed to properly adjust [Via's] claim and undervalued and/or underpaid her claim." (Compl. ¶ 130.) Allstate argues that the Supreme Court of Alabama's opinion in Kervin v. Southern Guaranty Insurance Co., establishes that there is no basis for relief against Oertel for negligence or wantonness, as alleged by Via. See 667 So.2d 704 (Ala. 1995).

In Kervin, the Supreme Court of Alabama held that the insurer's alleged mishandling of a claim does not give rise to either a negligence or a wantonness cause of action. See id. at 706. The court reiterated that it had "consistently refused to recognize a cause of action for the negligent handling of insurance claims, and it will not recognize a cause of action for alleged wanton handling of insurance claims." Id.

Via attempts to distinguish Kervin by emphasizing that she brings her negligence/wantonness claims against an independent claims adjuster, not against an insurance company, as in Kervin. (See Doc. No. 3 at 10.) Allstate, however, contends that "[i]t is

6

unpractical to assume that the Alabama Supreme Court intended the language in Kervin to apply only to an insurance company," since an insurance company "could only be negligent or wanton for the investigation/adjustment through its adjuster." (Doc. No. 6 at 4.) In other words, Allstate argues that the conduct of Oertel is ascribed to Allstate, and that, if Allstate cannot be held liable to Via for allegedly mishandling the claim, then neither can Oertel. The court agrees with Allstate.

Via has not cited any Alabama authority which supports her premise that under the facts presented the duty of care owed by Oertel is broader than the duty of care owed by Allstate with regard to alleged negligence and wantonness in handling claims, and the court's independent research has uncovered none. Here, the undisputed evidence reveals that, at all relevant times, Oertel was a claims adjuster employed by an independent adjusting company retained by Allstate to investigate and adjust Via's loss and that Oertel had no contractual relations with Via. (See Oertel Aff. ¶¶ 2, 8.) On these facts, the court can envision no reason why Alabama courts would apply a rule other than the one espoused in Kervin or would subject Oertel, who was acting on behalf of Allstate, to greater liability than Allstate for allegedly mishandling a claim. Cf. Bevels v. Am. States Ins. Co., 100 F. Supp.2d 1309, 1314 (M.D. Ala. 2000) (Albritton, J.) (in context of denying post-removal motion to amend complaint to add non-diverse claims adjuster, recognizing that a cause of action does not exist under Alabama law for negligent handling of an insurance claim and observing that it was "questionable" whether there was a viable claim against adjuster). The court, thus, concludes that based upon the

7

undisputed evidence submitted by Allstate and by logical application of the holding in Kervin, Allstate has met its burden of establishing that Via has no possibly cognizable claim in state court against Oertel for negligence and/or wantonness in the handling of a claim.

In sum, having examined the allegations in the Complaint, as well as the evidence submitted by the parties, in light of the prevailing Alabama law, the court concludes that Allstate has met its "heavy" burden of proving that the joinder of Oertel is fraudulent. Crowe, 113 F.3d at 1538.  The court, therefore, properly exercises subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

Accordingly, based on the foregoing, it is CONSIDERED and ORDERED that Via's motion to remand be and the same is hereby DENIED and that Oertel be and the same is hereby DISMISSED without prejudice as a defendant in this case.

DONE this 30th day of August, 2006.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE