IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2007 FEB 22 A 11: 33

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| SHARON MELISSA VIA, individually and as mother and next friend of Aiken Hamlett, a minor,<br>  Plaintiff<br>v.<br><br>ALLSTATE INDEMNITY COMPANY, et. al.,<br>  Defendants. | Civil Action No.<br>2:06-CV-00531-ID-CSC |

## MOTION TO REMAND

COMES NOW Plaintiff, by and through counsel, pursuant to 28 U.S.C. Section 1447 and all other applicable federal statutes, and moves this Honorable Court to remand this case back to the Montgomery County Circuit Court and as grounds therefore, states as follows:

1. Plaintiff recently retained the undersigned counsel to represent her in this cause. Plaintiff has met with the undersigned counsel and has discussed damages in this case. Plaintiff has represented to counsel that she is seeking damages not to exceed compensatory and punitive damages of $74,999.00, and Plaintiff has informed said counsel that she, *ab initio*, has never sought damages in excess of that amount; consequently, this Court no longer has diversity jurisdiction over this cause as Plaintiff's damages no longer satisfy the federal diversity threshold.

2. 28 U.S.C. Section 1447 mandates that "...the case *shall* be remanded [if] it appears that the district court lacks subject matter jurisdiction." (Emphasis added.) It is well settled that federal courts are courts of limited jurisdiction and are "empowered to hear only cases within the judicial power established by Article III of the United States as authorized by Congress. See University of South Alabama v. American Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting

Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)).

3. Upon remand, Plaintiff irrevocably agrees that the amount of damages claimed by her in this action is and will ever be no more than $74,999.00 exclusive of interest and cost. After remand, Plaintiff will under no circumstances accept a judgment or settlement in this case in excessive of $74,999.00 and this binding agreement cannot be rescinded or revoked under any circumstances, regardless of any development which may occur during the investigation, discovery or trial of this action. Furthermore, after remand, Plaintiff agrees to remit to the Court any judgment or award in excess of $74,999.00 and said remittitur agreement is not subject to revocation or change.

4. Plaintiff is willing to execute an affidavit on this issue of damages should this Court desire such.

5. Counsel for Defendants is not opposed to remand.

WHEREFORE, premises considered, Plaintiff prays this Honorable Court will remand this case back to the Circuit Court of Montgomery County, Alabama.

Respectfully submitted this the 21st day of February, 2007.

/s/ Dan W. Taliaferro
Dan W. Taliaferro
Attorney for Plaintiff

Dan W. Taliaferro, Esq.
6987 Halcyon Park Drive
Montgomery, AL 36117

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have served a copy of the foregoing

document by U. S. Mail, first class postage prepaid and properly addressed, on the 22 day of February, 2007 to the following:

    Christina D. Crow, Esq.
    Jinks, Daniel and Crow, PC
    Post Office Box 350
    Union Springs, AL 36089

    M. Keith Gann, Esq.
    Huie, Fernambucq & Stewart, LLP
    Protective Center Building 3, Suite 200
    2801 Highway 280 South
    Birmingham, AL 35223

                                                              Dan W. Taliaferro