IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHARON MELISSA VIA, individually and as mother and next friend of A. H., a minor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 2:06cv531-ID |
| | ) |
| ALLSTATE INDEMNITY CO., et al., | ) ) |
| Defendants. | ) |

**ORDER**

Before the court is Plaintiff Sharon Melissa Via's ("Via") motion to remand, filed

February 22, 2007.  (Doc. No. 20.)  Defendant Allstate Indemnity Co. ("Allstate") filed a

response the same date.  (Doc. No. 21.)  For the reasons to follow, the court finds that the

motion is due to be granted.

This insurance litigation, which originally was filed in state court, arises from a dispute

over a claim Via filed with Allstate under a homeowner's insurance policy for damages

sustained to her home's roof as a result of Hurricane Ivan in September 2004.  Allstate timely

removed this case to the United States District Court for the Middle District of Alabama,

alleging diversity jurisdiction as the basis of removal.  See 28 U.S.C. §§ 1332(a), 1441(b).

Claiming that the amount in controversy is insufficient to invoke the court's diversity

jurisdiction, Via, through her newly-appointed counsel, now moves for remand for lack of

subject matter jurisdiction.  In support of her motion, Via represents to the court that, although

her complaint seeks an unspecified amount of compensatory and punitive damages, "she, *ab*

*initio*, has never sought damages in excess of" $74,999.00 and that she "irrevocably agrees that

the amount of damages claimed by her in this action is and will forever be no more than

$74,999.00 exclusive of interest and cost[s]." (Doc. No. 20 ¶¶ 1, 3.)  Via further represents

that she "will under no circumstances accept a judgment or settlement in this case in excess[]

of $74,999.00," that she will "remit to the Court any judgment or award in excess of

$74,999.00," and that "this binding agreement cannot be rescinded or revoked under any

circumstances."  (Id. ¶ 3.)

    Based on Via's stipulation, the court finds that Via intended to limit her recovery to less

than the jurisdictional minimum at the time of removal, Poore v. American-Amicable Life

Insurance Co. of Texas, 218 F.3d 1287, 1291 (11th Cir. 2000), and that she will neither ask for

nor accept damages more than $75,000.  See 28 U.S.C. § 1332(a) (providing, in part, that

"[t]he district courts shall have original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]").  The

court finds, therefore, that Via has established that, at the time of removal, the amount in

controversy requested in the complaint did not exceed $75,000 and that Allstate cannot show

that more than the jurisdictional amount has been sought in this case.  See Diaz v. Sheppard, 85

F.3d 1502, 1505 (11th Cir. 1996).

    In so finding, the court emphasizes that, while it does not call into question the integrity

of Via's damages demand, should she disregard her demand and pursue or accept damages in

excess of $75,000, then upon application to the court by opposing counsel, sanctions will be

swift in coming and painful upon arrival.  See Fed. R. Civ. P. 11; M.D. Ala. L.R. 83.1.  Upon these terms, Allstate has no objection to the motion to remand.  (See Doc. No. 21.)

Based on the foregoing, it is CONSIDERED and ORDERED that Via's motion to remand be and the same is hereby GRANTED and that this action be and the same is hereby REMANDED to the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C. § 1447(c).  The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.

DONE this 7th day of March, 2007.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE